JESSE M. EMERSON, Appellant, *v.* MILO H. PARSONS and LEVI S. PARSONS, impleaded, etc., Respondents.

The dissolution of a copartnership may be proved by parol, and a certificate signed by one of the copartners to the effect, that he has purchased the interest of the other members of the firm, is competent evidence upon the question, whether such an agreement was in fact made, and as corroborative of the alleged parol contracts.

A formal notice of dissolution, signed by all the partners and published, and a formal transfer of the partnership property to a third person, are not conclusive evidence of the time of dissolution.

(Argued November 24, 1871; decided November 28, 1871.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendants, entered upon a verdict and affirming an order denying motion for new trial.   (Reported below, 2 Sweeny, 447.)

The action was for a balance of $833.33 due on an advertising contract, claimed to have been made with defendants and one Edward F. Baker as partners.

The partnership alone was contested.

That was proved on the part of plaintiff by the partnership articles of date 26 June, 1867, and plaintiff rested.

The defendants, Parsons, alleged and swore that the partnership was dissolved on the 3d September, 1867, and offered the following writing in evidence :

"This is to certify that I have purchased the interest of M. H. Parsons and Levi S. Parsons in the firm of E. F. Baker & Co., and I hereby agree to assume all liabilities of the said firm, and hold M. H. Parsons and Levi S. Parsons harmless.

"E. F. BAKER.

"NEW YORK, *Sept.* 3, 1867."

This was objected to by plaintiff, but received by the court, and the ruling excepted to.

The judge subsequently charged that this writing was evidence of the dissolution of the firm, together with the proof of parol dissolution. This part of the charge was excepted to by plaintiff.

The plaintiff then introduced the article of dissolution signed by all the firm, of date 5th December, 1867, dissolving the partnership. This dissolution was advertised in the newspapers. The plaintiff also gave in evidence a bill of sale of 5th December, 1867, signed by all the defendants.

The jury, after the charge of the court, found a verdict for defendants.

Plaintiff made a motion to set aside the verdict and for a new trial, upon the exceptions taken and for insufficient evidence, and which motion was thereupon entertained by the judge, who tried the cause, and after hearing argument thereon, denied said motion.

*E. D. Culver*, for appellant.

*E. Patterson*, for respondents. The denial of motion for new trial was correct. (*Allgro* v. *Duncan*, 24 How., 212; *Murphy* v. *Baker*, 3 Robt., 1; *Townsend Man. Co.* v. *Foster*, 51 Barb., 350; *Hall* v. *Morrison*, 3 Bos., 520; *Lewis* v. *Blake*, 10 Bos.) The only questions of law to be considered are those arising under exceptions taken at the trial. (*Morrison* v. *N. Y. and N. H. R. R. Co.*, 22 Barb., 571; *Ingersol* v. *Bostwick*, 22 N. Y., 425; *Hunt* v. *Bloomer*, 13 N. Y., 341; *Wheeler* v. *Garcia*, 40 N. Y., 585; *Meekings* v. *Cromwell*, 5 N. Y., 137; *Coon* v. *Syracuse and U. R. R.*, id., 492;

*Brown* v. *C. and S. R. R. Co.*, 12 id., 486 ; *Oatman* v. *Taylor*, 29 id., 649.) The purchase by Baker effectually determined the partnership.

CHURCH, Ch. J. The only exception taken in this case, was as to the admission of the paper of September 3d, signed by Baker, and certifying that he had purchased the interest of the other two members of the firm, in the firm, and agreeing to assume all the liabilities of the firm. There is also an exception to that part of the charge relating to " this writing,", which it is claimed refers to the paper of September 3d, although other writings were introduced in evidence. Assuming this, the same question is substantially presented upon both exceptions, and that is, that this paper was inadmissible as evidence to prove a dissolution of the firm. The two members of the firm who defend this action, testified in substance, that the partnership was dissolved on the third of September, and that this paper was then executed and delivered by Baker as evidence of the dissolution.

The paper was not in the nature of a mere declaration of a third person, but was an act tending at least to show a dissolution. It was a part of the transaction which was claimed to be a dissolution of the partnership. A dissolution may be proved by parol. It may be partly by parol, and partly in writing, that is, there may be a parol agreement of dissolution, and a writing transferring the interest of one member to another, or an agreement to assume liabilities, and neither of them express in terms the agreement to dissolve. I apprehend such a writing, in part fulfillment of the parol contract, would be competent upon the question, whether such an agreement was in fact made, as corroborative of the alleged parol contract, and as a part of the transaction. The paper was not signed by all the parties, and does not state, in terms, that the partnership was dissolved ; but it was executed by one party and delivered to the other two, and contained statements which, if true, would be presumptive evidence, at least, of a dissolution. It states that Baker had purchased the

interest of the other two members, and had assumed the liabilities of the firm.    That would leave the two retiring members without any interest in the property or liability for the debts of the firm, and would constitute a dissolution.   We can only regard this upon the question of competency.   The effect which it was legitimately entitled to, upon the liability of the two retiring members, under the evidence in the case, seems not to have been presented on the trial so as to be reviewable here.   If this partnership was open and notorious; if it was known that the Messrs. Parsons were members, and the plaintiff gave credit to the firm on their responsibility, or if they consented to the use of the firm name after dissolution, a private dissolution, not advertised, might not relieve them; but no such view seems to have been presented so as to raise a question of law.

On the fifth of December it seems that a formal notice of dissolution was signed by all the members and published, and a formal transfer of the property executed and delivered to a third party; and it is claimed by the learned counsel for the appellant that, as these papers, upon their face, show a dissolution on that day, they furnish conclusive evidence that the firm continued until that time, and had not been dissolved before.   The answer to this position is, first, that the point does not seem to have been taken on the trial, and there is no exception bringing up the question; and, second, if there had been, it would not be tenable.   It is true that these papers stated a dissolution on the day they were made, and, standing alone, would establish the fact that the firm continued up to that time; but they were not conclusive.   It was competent, notwithstanding, to prove a dissolution at a previous time. They were open to explanation in this respect; and evidence was given tending to prove that, at the time of the dissolution on the third of September, it was understood that, when Baker found a purchaser, a more formal transfer was to be made and the dissolution advertised, and that these papers were made and signed in pursuance of such agreement.   The judge, in his charge, properly submitted this, with the other

evidence, to the jury, to determine when the dissolution took place, and there was no exception to his charge in that respect.

The judgment must be affirmed.

All concur.

Judgment affirmed.